## IN THE UNITED STATES DISTRICT COURT FOR
## THE FLORIDA SOUTHERN DIVISION.

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br> **Plaintiff,**<br><br>**vs.**<br><br>**JEIFRY DEL ROSARIO GAUTIER,**<br>**Defendant,** | **CRIMINAL DIVISION**<br>**Case No.:17-CR-20412-DMM-2** |

### SENTENCING MEMORANDUM AND INCORPORATED REQUEST FOR A VARIANCE ON BEHALF OF JEIFRY DEL ROSARIO GAUTIER.

The Defendant, **JEIFRY DEL ROSARIO-GAUTIER**, by and through his undersigned Counsel, respectfully files this sentencing memorandum setting forth all factors and background information that the defendant hopes the Court will consider in determining A sentence that would be sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. § 3553 (a).

As the court is well familiar with the tenets of the Booker case and Section 3553(a) sentencing factors, they will not be rehashed here in boiler-plate fashion. Instead, we provide the Court with factual background information to assist the Court in making a fair sentencing determination. Mr. Del Rosario-Gautier respectfully requests that this Court consider all materials contained herein, and to fashion an appropriate and reasonable sentence. In support of this request, Mr. Del Rosario-Gautier offers the following for this Court's review.

### Receipt and Review of Presentence Investigation Report.

The defendant has received a copy of the Presentence Investigation Report, has reviewed it with Counsel and he has no objections. For reasons set forth herein, the defendant also requests the Court to consider granting a downward variance for his sentence providing his history and characteristics does warrant such a consideration.

### Procedural Background

1.      On April 6th, 2021, the defendant pled guilty to Count One of the second superseding Indictment, which charged him with conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §963.

2.      The Presentence Investigation Report provides at paragraph 72: "Guideline Provisions: Based upon a total offense level of 27 and a criminal history category of I, the guideline imprisonment range is 70 to 87 months."

3.      The Defendant has not filed any objections to the Presentence Investigation Report, therefore, there are no issues in that regard for the Court's consideration.

4.      As part of this sentencing memorandum, the defendant has incorporated a Motion for a Downward Variance pursuant to the Title 18 U.S.C. §3553(a) factors is submitted in the utmost of good faith and in the interest of justice.

**The History and Characteristics of Jeifry del Rosario Gautier that Warrant Consideration**

Title 18 U.S.C. §3553(a)(1) provides that the court in determine the appropriate sentence to fit the case imposed, shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant."

With regard to the history and characteristics of the Defendant, the Presentence Investigation Report prepared by the Probation Officer sufficiently sets out the family history and personal information of the Defendant. There is no need to regurgitate those facts. As a prelude to some additional background information about Mr. del Rosario-Gautier, I will reproduce a portion of the letter of support written by one of his classmates in the private school that he attended. The letter its entirely along with the remainder of the letters of support are attached as composite Exhibit "B". The selected portion of the letter reads as follows:

> **"I hereby certify that I have personally known Jeyfrei Del Rosario Gautier since approximately 2009 or 2010, when we were at the "Centro de Formacion los Clavilines" school in Dominican Republic, Santo Domingo. He was in a junior grade than me, but we still shared at recess.**
>
> **Since then, I have been able to observe how the following innate qualities of this young student were consolidating as the best weapons of his academic profile: Dedication, being clear about his objectives, respect and great capacity for critical reasoning; that made him stand out and immediately be included in our student group of a course greater than the one he was studying at that time.**
>
> **That quality of always finding reasons to be happy and motivated despite not having a well-constituted family nucleus, say father and mother together "A normal family" like me or like the other students, Jeifry has managed to earn respect.**

2

**For these reasons, I believe that he can be a good citizen and professional due to his personal skills. In my humble opinion, I only see one person who, from the moment we studied, made an effort to be distinguished despite having some rejection from the other students for being the son of an alleges criminal or previously convicted. It is unfortunate that despite having so many positive qualities, he continues to be punished for the bad performance of his father."**

The defendant, Jeifry del Rosario Gautier has had to overcome challenges in his young life. As the age of 20 years, he was arrested just weeks before his high school graduation and he has been in custody ever since. At age 14 years he was involved in a serious auto accident which sidelined his education for a little more than one year hence his high school graduation at the age 20. He was raised by a single young mother, along with his (2) two young twin sisters. He did not know his Dad until he was thirteen (13) years old. With the assistance of her family, his mother managed to enroll him in a private school. Even at school he was ostracized as word circulated that his dad may have had brushes with the law as his former school mate poignantly describes in the letter reproduced above.

Jeifry Del Rosario's challenges at school were best described by the classmate who submitted a letter to the court pleading for leniency. He completed his high school class work in June 2015 and was scheduled to attend the graduation ceremony in August 2015 but was arrested and has been in jail ever since. He talks about future plans and his visions of becoming a civil engineer. His father had a trucking company with rentals for heavy equipment to rent to construction company. The defendant was an assistant in his father business coordinating the delivery of cement, sand, gravel, wood, and other construction materials. Through his work and going to different construction sites and interaction with the project managers, he developed an interest to work as a civil engineer. Unfortunately, those plans were derailed when the defendant was arrested in Dominican Republic.

While in custody in the Dominican Republic, the defendant was charged in the instant indictment, on April 11th, 2019, in a superseding indictment. On October 9th, 2019, the pending charges in Dominican Republic were withdrawn without ever having gone to trial. (See copy of the release order attached as to this sentencing memorandum as Exhibit "A"). The release order specifically states **"your freedom is ordered unless you have another process against you. If yes, inform this prosecutor's office.".** Since the defendant had been indicted in this district on

April 11th 2019, the United States government had already commenced the extradition process for the defendant to be extradited to the United States.

Consequently, the defendant spent approximately an additional five (5) months in detention in the Dominican Republic before being extradited to the United States. As part of his request for a downward variance, the defendant respectfully requests that the court give him credit for the 5 months spent in Dominican Republic jail in addition to the credit time he hopes to receive for time spent in the United States jail thus far.

During the negotiations leading up to the plea, the overall expectation was to arrive at a sentencing calculation to yield a total guidelines range of 57-70 months, taking into account the reduction for safety valve and any variance that the court is kind enough to grant to arrive at a sentence of 60 months similar to the sentence of co-defendant, Jose Jesus Tapia Perez. The Prosecutor has been gracious enough to agree that he will not object to any request for additional credit time for the months spent in the Dominican jail. The defendant believes the time line and the court document from the Dominican Republic provides a sufficient basis to consider giving the defendant an additional 5 months for credit time served.

### The Plea Agreement & Advisory Guidelines Calculations

On April 6th, 2021, the defendant entered into a written Plea Agreement with the Government. He agreed to plead guilty to count one of the Indictment. Count one charged him with conspiracy to import cocaine into the United Stated in violation of 21 U.S.C. section 963.

The Government agreed to recommend a two (2) level reduction for acceptance of responsibility pursuant to § 3E1.1 (a), and that a further one-level reduction is appropriate pursuant to § 3E1.(b) for timely notifying authorities of his intention to plead guilty. As set forth in paragraph 72 of the Presentence investigation Report, the total offense level is 27 and a `criminal history category of I. The guideline imprisonment range is 70-87 months. The defendant respectfully requests a downward departure to a 60-month sentence plus an additional five months (5) in the Domincan jail while awaiting extradition for a total sentence of fifty-five (55) months.

### Acceptance of Responsibility and Genuine Remorse

As noted above, Mr. del Rosario-Gautier's is sincerely remorseful for his criminal conduct and has had six (6) long years of being in custody to fully appreciate the impact of his

poor choice and ill-advised decision to become involved in this criminal conduct and the adverse impact it has had on his family and his future. A Court may vary downward based on "personal factors" including "genuine remorse." **United States v. Gomez-Martinez,** 569 Fed. Appx. 777 (11th Cir. 2014). The 11th Circuit has long recognized that an offenders' "statement of remorse" is directly related to both 'the nature and circumstances of the offense and the history and characteristics of the defendant,' within the meaning of §3553(a)(1)." **United States v. Thomas,** 446 F.3d 1348, 1357 (11th Cir. 2006).

The defendant has expressed genuine remorse for his criminal conduct as set forth in paragraph 33 of his presentence Investigation Report. The defendant will similarly express his genuine remorse to the court during his allocation at his sentencing hearing. This Honorable court can consider the defendant exhibition of genuine remorse for his criminal behavior during his allocution. Pursuant to the First Step Act, the Court can also consider the defendant's expression of remorse to grant his request for a downward variance.

### The Defendant's Willingness to Render Assistance to the Government as a Title 18 U.S.C. §3553(a) Factor.

Prior to the defendant's extradition from the Dominican Republic, there was an attempt to debrief the defendant which was attended by the defendant's then defense Counsel, an Assistant United Stated attorney and some federal agents. Even through there was a discussion of a Kastigar Letter, for some reason the Kastigar letter was not signed, and the first debriefing was not very productive. Neither, the current Prosecutor nor the undersigned Counsel participated in that attempted debriefing. Nonetheless, during the safety valve interview the defendant provided extensive information over and beyond the instant case.

Although the Government will not be filing a motion for reduction of sentence pursuant to U.S.S.G. §5K1.1 prior to the sentencing hearing, this Court may consider the Defendant's cooperation as bearing upon the characteristics of the defendant.

The defendant respectfully requests that this Honorable Court take the Defendant's assistance into consideration when applying the Title 18 U.S.C. §3553(a)(1) factors with regard to the history and characteristics of the Defendant in accord with United States v. Robinson, 741 F.3d 588 (5th Cir. 2014).

More importantly, the court in Robinson case, supra., also held that a sentencing court has the power to consider a defendant's cooperation under §3553(a), irrespective of whether the Government files a §5K1.1 motion and that a sentencing court's failure to recognize its discretion to consider a defendant's cooperation under §3553(a)(1) may amount to a procedural error.It is submitted that the Defendant's positive attitude towards cooperation demonstrates a desire to return to a law-abiding individual with respect for the law as well as his desire to rehabilitate himself.

## The Defendant's Criminal History.

The Defendant is now twenty-seven (27) years old. The defendant was previously charged in a criminal case in Dominican Republic in 2015. That case was never brought to trial and the charges were withdrawn by the Prosecutor on October 9th, 2019 as previously stated.  It is noteworthy to point out that according to the instant indictment the conspiracy spans from 2015 and since the Dominican Republic case was dropped after the defendant was indicted in the United States it is safe to argue these charges stem from the same overarching conspiracy.

## Recidivism, Retribution, Deterrence, and the Need to Protect the Public.

Both the Sentencing Guidelines and 18 U.S.C. §3553(a) require the sentencing Court to consider the characteristics of the defendant that make it more or less likely that the Defendant will re-offend. It is respectfully submitted that Mr. del Rosario-Gautier's does not need to be imprisoned for a lengthy period to see the errors of his ways and in this instance as, there is a low probability of recidivism. The defendant has been incarcerated even prior to his high school graduation ceremony and has been in custody for the past 6 years. He has hardly had an opportunity to even take the most fundamental steps to realize his goal as a civil engineer. He is anxious to put his setback behind him upon his release from jail and not lose any precious time.   Barely out of high school, he found himself involved in a group of co-conspirators including his father whose case is pending before this court. Practically, all the players in the conspiracy have been indicted and sentenced or pending trial. In order words, the defendant not only has no desire to engage in any criminal activity but even the previously existing criminal structure that could have potentially enticed him has been crushed and he is resolute in his determination to become a gainfully

employed and law-abiding citizen upon his release from prison. He definitely does not pose a future risk of danger to his community or society.

One of the purposes of sentencing is to exact a measure of retribution from Mr. del Rosario-Gautier and to send a message of general deterrence. In this case, a sentence below the applicable guidelines range would be sufficient to provide the required measure of general deterrence and retribution. Here, the need to protect the public from Mr. del Rosario-Gautier's future criminal acts is lessened as demonstrated in part by his readiness to assist the Government as discussed above.

Since the indictment in this conspiracy, Mr. del Rosario-Gautier has clearly demonstrated his decision to live a law-abiding life through his desire to cooperate with the Government. Further, Mr. del Rosario-Gautier would submit that he does not pose a danger to society, and that a lengthy term of imprisonment will not serve the interest of protection of the public, specific deterrence, or rehabilitation. See, United States v. Clay, 483 F.3d 739, 745 (11th Cir. 2007).

**Title 18 U.S.C. § 3553(a)(2)(a).**
**"The Need for the Sentence Imposed . . . to Reflect the Seriousness of the**
**Offense, to Promote Respect for the Law, and to Provide Just Punishment for**
**the Offense."**

Considering that the conspiracy in this case spans from January 2015 and the defendant has been in custody since 2015, it is fair to argue that in a rather loose sense, the defendant has been under punishment since 2015 for the criminal activities of this drug trafficking organization. More importantly, the defendant implores this court to consider the harsh and deplorable conditions of the jail in the Dominican Republic where the defendant was incarcerated since 2015 until his extradition to the district on February 4th, 2020.

**Title 18 U.S.C. § 3553(a)(2)(d)**
**"The Need for the Sentence Imposed . . . to Provide Defendant with**
**Needed Educational and Vocational Training."**

Unfortunately, shortly after the defendant extradition to the United Stated there was an outbreak of the Covid pandemic. Although of the fundamental purposes of sentencing is rehabilitation, currently rehabilitation is almost impossible in the BOP. As noted above, in an attempt to respond to COVID-19 the BOP due to the pandemic has implemented a modified operation plan, which limits social visits, inmate movement, and has suspended all volunteer visits, including visits from religious advisors. Under these modified operations, Mr. del Rosario- Gautier

will be unable to receive programming and rehabilitative resources, and instead, will be confined in his "assigned cells/quarters" for a considerable portion of each day. Inasmuch as Mr. del Rosario-Gautier will receive essentially no rehabilitation in prison for a period of time, it is respectfully requested that this Court consider this fact in determining a variance in this case. It goes without saying that the sooner he is able to complete his prison term and go home, the sooner he can re-organize his life towards a gainfully employed member of society.

### Title 28 U.S.C. § 994(g)
### "The Commission Shall Take into Account the Nature and Capacity of the Penal, Correctional, and other Facilities and Services Available" and "the Sentencing Guidelines . . . Shall Be Formulated to Minimize the Likelihood That the Federal Prison Population Will Exceed the Capacity of Federal Prisons."

When enacting the Sentencing Reform Act of 1984, Congress confirmed that the "nature and capacity" of federal prisons is a critical sentencing consideration. For this reason, Congress obligated the Sentencing Commission to formulate guidelines "to minimize the likelihood that the Federal prison population will exceed the capacity of the Federal prisons." Title 28 U.S.C. §994(g). In spite of their reported best efforts, BOP facilities have historically been, and remain, overcrowded. COVID-19 and its attendant restrictions and limited inmate movement has resulted in prisons and jails that are even more dangerous, inhumane, and deadly than before. Despite its best effort, BOP is simply not equipped to handle this global pandemic. Courts have called the BOP's COVID-19 response "an outrage" and have been cognizant of the fact that BOP is struggling to handle this crisis within its prison population.

### The Need for Individualized Sentencing.

The United States Supreme Court in **Pepper v. United States,** 131 S.Ct. 1229 (2011), emphasized the need for individualized sentencing based not only on the crime, but on the particular defendant as well. The Court ruled that Federal sentencing demands that every convicted person be treated as an individual and "every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and punishment to ensue." Citing: **Gall v. United States**, 128 S.Ct. 586, 589 (2007).

Needless to say, this Court is well aware, the Court has full authority to consider any evidence in deciding whether the Guidelines "properly reflect §3553(a) considerations." **Rita v. United States**, 551 U.S. 338, 351 (2007).

The Supreme Court has also expressly directed that sentencing courts may not presume that the guidelines range is reasonable. **Gall v. United States**, 128 S. Ct. 586 (2007). Rather, sentencing courts are directed to make an "individualized assessment" of the sentence warranted by §3553(a) "based on the facts presented." **Gall v. United States,** 128 S. Ct. at 597 (2007). The result is that "[a] sentencing judge has very wide latitude to decide the proper degree of punishment for an individual offender and a particular crime." **United States v. Cavera**, 550 F.3d 180, 188 (2dCir. 2008). Ultimately, courts are required to impose a sentence that is "sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote general and specific deterrence, rehabilitate the defendant, and protect the public. 18 U.S.C. §3553(a).

### Letters of Support and Additional Background Information.

Letters of support submitted by family are attached as Exhibit "B" and incorporated by reference into this sentencing memorandum. Specifically, the Exhibit contains the various letters of support written by his family and loved ones. It is a testament to the type of person the defendant is and his character such that, despite the facts and circumstances surrounding the charges against him, and his admission to such conduct, so many individuals who know Mr. del Rosario-Gautier would come forward and express their support in order for the Court to have a clearer picture of the defendant's true nature. His mother and sisters have each taken the time to inform the Court about Mr. del Rosario-Gautier and ask Your Honor for leniency and compassion at his sentencing. All of these letters, 8 in total, describe the Jeifry they know and love. Each of these letters has one common theme: Jeifry's humility, giving heart, gentleness, generosity, dedication to his family, and always present and willing to help others. He has been in jail since he was 20 years old and a couple of weeks before the high school graduation ceremony.

His mother Rosa Esther Gautier-de la Cruz writes:

**"My name is Rosa Esther Gautier mother of inmate Jeifry del Rosario Gautier. My son has always been a good son, protector of his sisters, a good student, loved by his (school) master. He had already finished high school, that he studies civil engineering. He advocated justice and his compassion for my son, so that he can take back his life and become that good man that all mothers dream of."**

**Thanks for your time.**

The family also provided family photos depicticting Jeifry and his siblings and mother prior to his arrest and incarceration in 2015, The photos are atatched as Exhibit "C".

### Inability to Pay a Fine

The defendant respectfully requests that no monetary fine be imposed. According to the PSR, the Defendant does not have the ability to pay a fine. (See PSR ¶ 70.)

### Request for Judicial Recommendation

The defense is aware that facility recommendations by the Court are not binding upon the Bureau of Prisons, but a review of relevant policy statements makes it clear that, if possible, the Bureau will attempt to adhere to a Court's recommendation at the time the Defendant is designated. The defendant requests that the Court recommend the defendant be designated to a facility in the southern region of Florida. The defendant also respectfully requests that this Court make a judicial recommendation to the Bureau of Prisons that he be considered for admission into the 500-hour Residential Drug and Alcohol Program (RDAP).

### Conclusion

Mr. Del Rosario-Gautier is a 27-year-old humble person with no record of any violence in his past. He only finished high school diploma because he has spent six years of his life in jail. His present predicament is certainly an eye-opener and he will wisely use his opportunity to return to society after his sentence and continue to be the wonderful supportive family member that he has always been.

**WHEREFORE**, Mr. Del Rosario-Gautier prays that this Honorable Court impose a reasonable sentence sufficient, but not greater than necessary to achieve the objectives outlined in 18 U.S.C. § 3553(a).

Respectfully Submitted,

*/s/Richard O. Dansoh,*
Richard O. Dansoh, Esq.
13727 SW 152 St.,
Ste. 726,
Miami, Florida 33177.
Tel: (305) 573-4444.
Email: dansohlawfirm@gmail.com

## CERTIFICATE OF SERVICE.

**I HEREBY CERTIFY**, on this 13th day of June 2021, I caused the foregoing pleading to be electronically filed with the clerk of the Court using CM/ECF system, which will send notification of such filing to all Attorneys of record.

/s/Richard O. Dansoh,
Richard O. Dansoh, Esq.

# DANIEL ALBERTO DIFO RODRIGUEZ

## JUDICIAL INTERPRETER

Francisco J. Peynado Street No.154, room.3, 1st. Floor, County Ciudad Nueva, National District, Dom. Rep.
Phone: 809-688-2961 1 (809)-760-8903
E-Mail: difo_traducciones@hotmail.com

I, DR. DANIEL ALBERTO DIFO RODRIGUEZ, Judicial Interpreter of the Court of First Instance of the National District, duly sworn for the legal exercise of my functions.

CERTIFY: That I have proceeded with the translation of a document written in the Spanish Language to the English version of which, according to the judgment of the undersigned reads as follows:

Security Feature
*2015-0027-00154*

Logo
PUBLIC MINISTER

### ATTORNEY'S DISTRICT DE HATO MAYOR

Photo
Printed

Date: **October 15, 2019**
Case: **2015-0027-00154**
Order of Release No. **2019-1067-10**

### RELEASE ORDER

The Head of the Public Prison of El Seybo, please release the justiciable: Please release the inmate JEFRY DEL ROSARIO GAUTIER, Dominican, of legal age, holder of the identity and electoral card No. 223-0156789-1, a who is charged with the following violations: Articles 4 D, 5-A, 58 letter A, paragraph 59, 60, 75 paragraph II, 85 letters B and C of Law 50-88 and article 39 paragraph II of Law 36, to the detriment of the Dominican State.

It is appropriate to execute this Order of Freedom under Criminal Judgment No. 960-2019-SSEN-00105, date Nine (09) of the month of October of the year 2019, issued by the Collegiate Court of the Criminal Chamber of the Court of First Instance of the Judicial District of Hato Mayor, which declares the accusation filed by the Public Prosecutor's Office withdrawn and, consequently, acquires an absolute judgment of the charges imputed to it.

**Lic. Marleni Guante Barona**
Attorney's District of Hato Mayor

Your freedom is ordered unless you have another process against you. If yes, inform this Prosecutor's Office.

NOTE: Original to the General Directorate of Fines Control, together with the Monthly Status: Duplicate, to the Secretary of the Court that has pronounced the sentence: Triplicate for the file of the representative of the Public Ministry: Quadruplicate, for the Head of the Public Jail.

### NOTICE OF ORDER OF RELEASE COMPLIED

Courthouse of Hato Mayor, Hato Mayor Street, County Yerbabuena, Km. 1 Telephone: 809-553-3100
Municipality Hato Mayor del Rey, R.D.

PUBLIC MINISTRY. Security Device

* 2015-0027-00154 *

I _____ Responsible for _____, I fulfill the duty of notifying the Magistrate Prosecution of Hato Mayor that his release order contained above this document, arrived at my hands at the time of duly in favor of the appointed: JEFRY DEL ROSARIO GAUTIER, has been duly FULFILLED AND EXECUTED at _____ hours of the day _____
_____ Charge of the Public Prison

Courthouse of Hato Mayor, Hato Mayor Street, County Yerbabuena, Km. 1 Telephone: 809-553-3100
Municipality Hato Mayor del Rey, R.D.

In faith of which, I sign and seal this document on January Nine (09th..) of the year Two Thousand Twenty (2020) In Santo Domingo, National District, Capital of the Dominican Republic. Upon the request of the interested party, Translation made from the original document, Registered in my files under No. 13-2020./

_____
DR. DANIEL ALBERTO DIFO RODRIGUEZ
Judicial Interpreter
Identification and Electoral Card No. 001-0914599

## Exhibit A

**JUN 9, 2021**

**To Whom It May Concern:**

I hereby certify that I have personally known Jeyfrei Del Rosario Gautier since approximately 2009 or 2010, when we were at the "Centro de Formacion los Clavelines" school in Dominican Republic, Santo Domingo. He was in a junior grade than me but we still shared at recess.

Since then, I have been able to observe how the following innate qualities of this young student were consolidating as the best weapons of his academic profile: **Dedication, Being clear about his objectives, respect and a great capacity for critical reasoning;** that made him stand out and immediately be included in our student group of a course greater than the one he was studying at that time.

That quality of always finding reasons to be happy and motivated despite not having a well-constituted family nucleus, say father and mother together "A normal family" like me or like the other students, Jeifrey has managed to earn respect.

For these reasons, I believe that he can be a good citizen and professional due to his personal skills.

In my humble opinion, I only see one person who, from the moment we studied, made an effort to be distinguished despite having some rejection from the other students for being the son of an alleged criminal or previously convicted. It is unfortunate that despite having so many positive qualities, he continues to be punished for the bad performances of his father.

I hope my words can help you in this process and I wish you the best in the future.

Sincerely,

Ashley Rodriguez                                    06/09/2021

# Exhibit B

Honorable Judge Donald Middlebrooks

My name is Rosa Esther Gautier mother of inmate Jeiffrey del Rosario Gautier.
My son has always been a good son, a good son, protector of his sisters, Solidario, a good
student, loved by his master. He had already finished high school, that he studied civil
engineering.

He advocated justice and his compassion for my son, so that he can take back his life and
become that good man that all mothers dream of.

Thanks for your time

Rosa Esther Gautier

Honorable judge I am addressing you o express that I, Teonil
Díaz de la Cruz, grandmother of the child Jeyfri del Rosario
Gautier, who is a loving and obedient child, was always by
my side and made me smile a lot with his thanks and
adocto calling me mommy is a child who loves everyone in
my country who knows him can give testimony of him is
very humble and kind I am very proud of him I love him as
my son instead of my grandson he is my first grandson and
he was always taking care of his sisters and family when
talking about him I do it with my heart and honesty thank
you for allowing me to express myself about my grandson
and let him know how he is

Att: Teonil Diaz

Very good honorable judge I am writing to you with all respect to talk to you about my cousin Jeyfri del Rosario gautier who more than a cousin is a brother has always treated me like that between his sister and me there is no difference to treat me is super good and affectionate with me and  Life would not be enough for me to express what a great person he is, I miss him and I always mention him when I talk to my friends, he is very good and I love him and he also behaves well, he is not bad-spoken and I have never seen him in a bad mood, thanks for  give me the opportunity to tell you about him is the best of my cousin and he did not brag.

Att: _Ismaylin Fe_

Greetings cordial
 My name is Frank Ernesto's friend of Jeyfri of Rosario Gautier, which we studied together at the Carnations Training Center and we share for two school years and our friendship spread after graduation. It's a great person, a great friend, good partner, humble, simple, I always remember the moments we spent together and I miss it very much, I know that our friendship will remain forever because that's the way it is.
Cordially I say goodbye ..

Att: _Frank E Tyron_

Honorable judge:  Yris Marisol José. Young Jeyfri del Rosario Gautier is my nephew and I would love to tell him that the best of the nephews, who has never been a badly raised or disobedient child, loves how I make him his favorite dish when he was younger.  I took care of him and he hugged me with love and tenderness when sleeping. He is a child that family and friends love because he is very humble and friendly. He shares with everyone, no matter what, he helps when he can whoever needs him even without having anything does not mind being left without  A pair of shoes to give zeal to those who need it that I could live with him I love him madly I always talk about him and his humility with people defines him as a beautiful human being I ask God to bless him every day and take care of him I know that  Like me, they will express themselves the same about him.  Thank you very much for allowing me to express myself from my beloved nephew.

Att:_____





Defendant giving a presentation before his
Classmates in a private school.

Defendant with his basketball team mates.





Defendant with his cousin and older stepsister
who are both now attorneys in Dominican
Republic.

Defendant celebrating with his basketball
team.

**EXHIBIT C**





Defendant and his basketball teammate.                    Defendant and his mother.





Defendant flanked by his twin sisters                     Defendant as a little boy.
and older sister who is an attorney in
Dominican Republic

**EXHIBIT C**